COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


CUMBERLAND RESOURCES AND
  AIG CLAIMS SERVICES, INC.

                                                  MEMORANDUM OPINION[*]
v.        Record No. 3028-08-3                         PER CURIAM
                                                      APRIL 21, 2009
DAVID MICHAEL WHITT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John R. Sigmond; Penn, Stuart & Eskridge, on brief), for
            appellants.

            (D. Allison Mullins; Lee & Phipps, P.C., on brief), for appellee.


       Cumberland Resources and its insurer (collectively "employer") appeal a decision of the

Workers' Compensation Commission modifying the deputy commissioner's award of permanent

partial disability benefits to David Michael Whitt ("claimant") in connection with a knee and

ankle injury sustained on May 10, 2005.  While the commission denied claimant's request to

change his treating physician from Dr. Whitman to Dr. McGarry, it averaged the impairment

ratings of the two physicians with respect to claimant's knee.  Employer contends that the

commission's decision erroneously afforded Dr. McGarry treating physician status by giving his

opinion equal weight to that of Dr. Whitman.  It also asserts that credible evidence did not

support the commission's decision to average the impairment ratings because Dr. McGarry's

impairment rating is not supported by his records.

       We have reviewed the record and the commission's opinion and find that this appeal is

without merit.  "Questions raised by conflicting medical opinions must be decided by the

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

commission." <u>Penley v. Island Creek Coal Co.</u>, 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Here, no evidence was presented that claimant's limitations resulted from a pre-existing condition. Instead, two physicians, both of whom treated claimant and performed surgery on his knee, reached divergent conclusions regarding the permanent impairment resulting from his injury. Dr. McGarry's conclusion regarding the degree of impairment was based upon the decreased range of motion in claimant's knee. "'Where there is a conflict of evidence . . . the [c]ommission's finding of fact is conclusive' when supported by credible evidence." <u>Imperial Trash Serv. v. Dotson</u>, 18 Va. App. 600, 603, 445 S.E.2d 716, 718 (1994) (quoting <u>Byrd v. Stonega Coke & Coal Co.</u>, 182 Va. 212, 220, 28 S.E.2d 725, 729 (1944)). "[T]he evidence of [any given treating] physician . . . is not binding on the [c]ommission. The probative weight to be accorded such evidence is for the [c]ommission to decide; and if it is in conflict with other medical evidence, the [c]ommission is free to adopt that view which is most consistent with reason and justice." <u>C.D.S. Constr. Services v. Petrock</u>, 218 Va. 1064, 1071, 243 S.E.2d 236, 241 (1978) (citation and internal quotation marks omitted); <u>see, e.g.</u>, <u>Princess Anne Builders, Inc., v. Faucette</u>, 37 Va. App. 102, 112-13, 554 S.E.2d 113, 118-19 (2001) ("[A]lthough the commission was entitled to give lesser weight to [the consulting physician's] opinion because he was not [claimant's] treating physician, it was not obligated to do so.").

Accordingly, we dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>